1  **RICK PEASLEY, ESQ.**
   St. Bar No. 48453
2  Attorney at Law
   164 Maple Street, Suite 4
3  Auburn, California 95603
   (530) 885-3300
4  FAX: (530) 885-2588

5  Attorney for Plaintiff

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10 | NEANA M. OLIVER | Civil Action No:
11 | Plaintiff, | 2:09-CV-01925-GGH
12 | vs. | STIPULATION AND ORDER
13 | MICHAEL J. ASTRUE, Commissioner of Social Security, | FOR COURT ORDER FOR PAYMENT OF ATTORNEY FEES UNDER EQUAL ACCESS TO
14 | Defendant. | JUSTICE ACT. 28U.S.C.2412(d)

15       IT IS HEREBY STIPULATED by and between the parties through their
16 undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded
   attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in
17 the amount of Five Thousand Two Hundred DOLLARS AND 00/CENTS ($5200.00)[,
   and costs in the amount of Eighty-six DOLLARS AND 75/CENTS ($863.75)]. This
18 amount represents compensation for all legal services rendered on behalf of Plaintiff
19 by counsel in connection with this civil action, in accordance with 28 U.S.C. §[§ 1920,]
   2412(d).
20
         After the Court issues an order for EAJA fees and expenses [and costs] to
21 Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees
   and expenses [and costs] to Plaintiff's attorney.  Pursuant to <u>Astrue v. Ratliff</u>, – S.Ct. –
22 , 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor the assignment will
23 depend on whether the fees, expenses [and costs] are subject to any offset allowed
   under the United States Department of the Treasury's Offset Program.  After the order
24 for EAJA fees and expenses [and costs] is entered, the government will determine
   whether they are subject to any offset.
25
         Fees, expenses [and costs] shall be made payable to Plaintiff, but if the
26 Department of the Treasury determines that Plaintiff does not owe a federal debt, then
27 the government shall cause the payment of fees, expenses and costs to be made

1 directly to [Attorney's Name], pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses [and costs], and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses [and costs] in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

DATED: December 2, 2010

*s/ Rick Peasley*
RICK PEASLEY, Attorney for Plaintiff

DATED: December 2, 2010

BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration

By: *s/ Jeffrey Chen*
[As authorized by email on December 2, 2010]
Jeffrey Chen
Special Assistant U.S Attorney

ORDER

APPROVED AND SO ORDERED:

DATED: Dec. 6, 2010

GREGORY G. HOLLOWS
HON. GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE